**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1849-WJM

CYNTHIA QUINTERO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

On July 16, 2012, Plaintiff Cynthia Quintero ("Plaintiff") initiated this action against Defendant Michael Astrue ("Defendant") challenging the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for disability insurance benefits and supplemental security income. (ECF No. 1.) On August 2, 2013, the Court affirmed the denial of benefits, and Plaintiff appealed. (ECF Nos. 18, 19, & 20.) The Tenth Circuit subsequently reversed with instructions to remand the matter to Defendant for further proceedings. (ECF No. 27.) On August 7, 2014, judgment was entered in favor of Plaintiff. (ECF No. 30.) On August 13, 2014, Plaintiff filed a Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"), which is now before the Court. (ECF No. 32.) For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action

. . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. ANALYSIS

The Court affirmed Defendant's denial of benefits in this matter after finding that the ALJ's opinion was supported by substantial evidence in the record. (ECF No. 18 at 13.) Medical evidence and opinions on Plaintiff's mental impairments were provided by examining psychologists Jose Vega, Ph.D. and Brett Valette, Ph.D, and non-examining state agency psychologist Mary Ann Wharry, Psy.D. (*Id.* at 2.) Plaintiff contended that (1) the ALJ failed to provide proper reasons for discounting Dr. Vega's opinion; (2) the ALJ improperly discounted Dr. Vega's opinion because it was prepared at the request of Plaintiff's counsel; (3) the ALJ failed to explain why Dr. Valette's opinion was given great weight; and (4) the ALJ failed to discuss Dr. Wharry's opinion. (*Id.* at 5.)

The Court found that Dr. Vega's opinion was given great weight to the extent it aligned with Dr. Valette's, and that the remainder of the opinion was discounted based upon its inconsistency with other medical evidence. (*Id.* at 7.) While the Court noted that it was inappropriate for the ALJ to discount Dr. Vega's opinion because it was requested by Plaintiff's counsel, it nonetheless found that the advocacy nature of the opinion was not the primary reason the ALJ diminished the weight it was assigned. (*Id.*

at 7.) That error was therefore held to be harmless. (*Id*. at 8.) Thus, the Court found that substantial evidence supported the weight assigned to Dr. Vega's opinion. (*Id*.)

Next, the Court held that the ALJ erroneously failed to discuss the reasons for the weight she gave Dr. Valette's opinion. (*Id*.) However, the Court held that although the ALJ should have discussed the reasons for giving Dr. Valette's opinion great weight, substantial evidence supported such a determination and the opinion was consistent with the record as a whole. (*Id*. at 9.) Lastly, the ALJ's decision had neither mentioned nor weighed Dr. Wharry's opinion, which the Court found harmless because there was "no reason to believe that a further analysis or weighing of [the] opinion could advance [Plaintiff]'s claim of disability." (*Id*. at 12 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012)).)

The Tenth Circuit reversed and remanded to Defendant for further proceedings. (ECF No. 27.) The court found that the ALJ's failure to articulate the reasons for discounting Dr. Vega's opinions—instead "only compar[ing] them in conclusory fashion to Dr. Valette's opinion"—was erroneous. (*Id*. at 9.) The court further found that this error, coupled with the ALJ's omission of any rationale for the great weight she assigned Dr. Valette's opinion, warranted reversal due to the "significant differences" between the two opinions. (*Id*. at 10.) The court held that these problems could not "be fixed on appeal and must be repaired by the ALJ on remand." (*Id*.)

Defendant argues that since the "basis for remand was the ALJ's inadequate explanation for the weight given the opinions of Drs. Vega and Valette, and [because] the ALJ gave at least some weight to the opinion of Dr. Vega, it was reasonable, for

purposes of determining the propriety of an EAJA award, for the ALJ to find, and for the [Defendant] to argue, that Plaintiff's mental impairments were not disabling within the meaning of the Act." (ECF No. 34 at 5.)

The Court agrees that Defendant's position was substantially justified. In determining whether the government's position was substantially justified, the Court must determine "whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable even if wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (emphasis in original). Here, the Court found that the ALJ had properly considered the record before it, including the opinions of Drs. Vega and Valette. The Court noted that, although the ALJ did not fully detail the reasons for the relative weight assigned to Drs. Vega's and Valette's opinions, the ALJ's findings were supported by, and consistent with, the record as a whole. (ECF No. 18 at 7.) While the Tenth Circuit ultimately reached a different result, "it does not necessarily follow from [a] decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258 (affirming denial of attorneys' fees even though Tenth Circuit had previously reversed the district court's decision to deny benefits and remanded for an immediate award of benefits). Therefore, the Court finds that the Defendant's argument in this case, although wrong, was reasonable based on the law and facts, and was therefore substantially justified. Because the Defendant's position was substantially justified, Plaintiff is not entitled to recover attorneys' fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 32) is DENIED.

Dated this 24th day of March, 2015.

BY THE COURT:

William J. Martinez
United States District Judge